IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | EP-12-CR-200-PRM |
| JOSE LUIS ELIZONDO-MONTES,<br>　　Defendant. | § § § | |

## MEMORANDUM OPINION DENYING SENTENCING OBJECTIONS

On this day, the Court considered the above-captioned cause. On May 3, 2012, the Court denied Defendant Jose Luis Elizondo-Montes's (Elizondo) objections to the Presentence Investigation Report (PSR) and imposed a sentence of fifteen months' confinement and two years' supervised release. The Court now writes to explain the basis for denying Elizondo's objections to the application of a four-level enhancement and to the computation of his criminal history points.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 1, 2012, the United States of America (the Government) indicted Elizondo for attempted unlawful reentry into the United States in violation of 8 U.S.C. § 1326. ECF No. 9. The Government simultaneously filed notice of its intent to seek an enhanced penalty pursuant to § 1326(b). ECF No. 10. On February 29, 2012, Elizondo entered a plea of guilty before a United States Magistrate Judge (ECF No. 20), which plea the Court accepted on March 5, 2012 (ECF No. 21).

The PSR attributes a total offense level of ten and a criminal history of seven points to Elizondo for a guideline range of imprisonment of fifteen to twenty-one months. PSR ¶¶ 21, 28, 41, Apr. 25, 2012, ECF No. 23. The total offense level includes a four-level enhancement pursuant to the United States Sentencing Commission Guideline Manual (U.S.S.G.) §

2L1.2(b)(1)(D) based on an August 2010 conviction for possession of methamphetamine.[1] *Id.* ¶ 14. The foregoing conviction is also scored for one point in the criminal history computation, as are two misdemeanor convictions from 2005 for an additional two points each.[2] *Id.* ¶¶ 23-25.

In his objections to the PSR, Elizondo contends that the documents used to substantiate the four-level enhancement to his sentence based on the existence of a prior felony conviction are insufficiently reliable to support the enhancement. Objs. 1, ECF No. 23-5. Relatedly, he objects that the documents used to substantiate the felony conviction and the two misdemeanor convictions are insufficient to support the five criminal history points attributed to him. Objs. 2.

## II.    Discussion

### A.    Guideline Provisions

The base offense level for illegal reentry is eight. U.S.S.G. § 2L1.2(a) (2011). A four-level enhancement should be added if the defendant was previously deported after a conviction for "any other felony." U.S.S.G. § 2L1.2(b)(1)(D). In this context, "'[F]elony' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year." § 2L1.2 cmt. n.2. Criminal history points are calculated based on the existence of a "prior sentence," with the number of points to vary depending on factors such as the length of sentence. § 4A1.1. "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." § 4A1.2(a).

---

[1] The total offense level also includes a two-level reduction for acceptance of responsibility given Elizondo's guilty plea. PSR ¶ 19.

[2] In addition to these five criminal history points, two additional points were added, pursuant to U.S.S.G. § 4A1.1(d), because Elizondo was on probation for another offense at the time he committed present illegal reentry. PSR ¶ 27. Accordingly, Elizondo's total criminal history is seven, which places him in category IV. *Id.* ¶ 28.

B.  **The Documents Used to Support the Convictions**

The Government argues that Elizondo was convicted of a "felony" when a California court convicted him of possession of methamphetamine in violation of California Health & Safety Code § 11377 in August of 2010. As proof of this prior conviction, the Government offers: (1) the felony complaint, (2) the signed felony plea agreement, and (3) the "case print," or computer printout of case-related information. PSR Exs. A-C. Pursuant to § 11337(a), the statutory maximum is for "a period of not more than one year." § 11337(a). However, the signed felony plea agreement indicates that Elizondo was subject to enhancements that raised his maximum time in custody to three years.[3] PSR Ex. B 2.

The Government contends that Elizondo pled guilty to two misdemeanors, supporting two criminal history points each, in March and June of 2005 for, among other things, driving under the influence, possession of a controlled substance, and providing false identification to a police officer. PSR ¶¶ 23-24. To substantiate both misdemeanors, the Government offers: (1) the misdemeanor complaint, (2) a form describing the terms and conditions of probation, and (3) a "case print" describing the record of the misdemeanor conviction. *Id.* at ECF No. 23-5.

C.  **Elizondo's Argument is Misplaced**

Elizondo relies on *Gutierrez-Ramirez*, 405 F.3d 352 (5th Cir. 2005), to assert that the documents at issue in this case are even less reliable than California abstracts of judgment, which the Fifth Circuit has "repeatedly rejected as competent evidence of convictions." Obj. 1 (citing 405 F.3d at 357-58). However, Elizondo's characterization of the Fifth Circuit's rejection of California abstracts of judgment is premised on an overly broad reading of *Gutierrez-Ramirez* and mischaracterizes the holding. In fact, *Gutierrez-Ramirez* held that California abstracts of

---

[3] Defendant has not alleged that his conviction does not meet the "exceeding one year" requirement of the "felony" definition in § 2L1.2 cmt.2.

3

judgment may not provide the sole basis for narrowing a defendant's prior conviction under a divisible statute to determine under which prong of the divisible statute the defendant was convicted. 405 F.3d at 358.[4] Notably, Elizondo's interpretation of *Gutierrez-Ramirez* was foreclosed when the Fifth Circuit determined that "California abstracts of judgment have sufficient indicia of reliability to support their probable accuracy such that the documents can be used as evidence of a prior conviction." *United States v. Moreno-Florean*, 542 F.3d 445, 450 n.1 (5th Cir. 2008).

Elizondo's mischaracterization of *Gutierrez-Ramirez* evinces a failure to perceive the distinctions between various types of enhancements. For example, when a court considers whether a prior conviction is a "crime of violence," a "drug trafficking offense," or an "aggravated felony," the issue is often whether there is reliable information from which the sentencing court may narrow the facts of a defendant's conviction to assess under which prong of a divisible statute the defendant was convicted. By contrast, when applying the "any other felony" four-level increase at issue in this case, the relevant questions are: (1) whether the prior conviction actually exists and is attributable to the defendant; and (2) if so, whether the prior conviction was punishable by over one year of incarceration. The distinctions made in *Gutierrez-Ramirez* apply to the former, but not to the latter. *United States v. Neri-Hernandes*, 504 F.3d 587, 590-92 (5th Cir. 2007) (concluding that *Gutierrez-Ramirez* was inapplicable to determining the existence of a prior conviction). Given that the Government is only seeking the four-level enhancement and only needs to prove the existence of a prior conviction punishable by over one year in prison, *Gutierrez-Ramirez* does not apply in this case.

---

[4] *See United States v. Neri-Hernandes*, 504 F.3d 587, 592 (5th Cir. 2007) (discussing *Gutierrez-Ramirez*, and concluding that "the abstract of judgment was not the type of document the court could look to for the facts of the offense to determine whether the defendant was convicted under part of a statute that meets the enhancement definition").

### D.   The Documents Have Adequate Indicia of Reliability

When determining whether the Government has established the *existence* of "any other felony" and the *existence* of a "prior conviction," the Court must consider whether the documents in question "have sufficient indicia of reliability to support their probable accuracy such that the documents can be used as evidence of a prior conviction." *See United States v. Neri-Hernandes*, 504 F.3d 587, 591-92 (5th Cir. 2007) (discussing both enhancements of the offense level and the criminal history calculation when the relevant issue is the existence of the convictions).[5]

The documents supporting the existence of the prior convictions that substantiate the four-level enhancement and that are used to compute the criminal history points do have sufficient indicia of reliability.  The documents supporting the existence of the "any other felony" four-level enhancement have sufficient indicia of reliability because:  (1) they are certified copies from the Superior Court of California, Riverside; (2) they are internally consistent, showing the same type of convictions and relevant dates; and (3) they have the appearance and tenor of official court documents and records.  Although the documents used to support the state misdemeanor convictions giving rise to the criminal history calculation are not certified copies, certification is not required.  *See United States v. Zuniga-Chavez*, 464 F.3d 1199, 1204-05 (11th Cir. 2006) (collecting cases).  As stated above, the critical issue is the indicia of reliability that the documents contain.  The case prints are identical in format to the

---

[5] *See also United States v. Floyd*, 343 F.3d 363, 372-73 (5th Cir. 2003) (applying the indicia of reliability consideration to determine the existence of "prior conviction" in the context of criminal history calculation").

certified copies. Moreover, all of the documents are internally consistent, detailed, and have the appearance and tenor of official court documents and records.[6]

## III.  CONCLUSION

The existence of the prior conviction used to provide a four-level enhancement of Elizondo's offense level and the existence of each conviction used to score his criminal history are supported by documents with sufficient indicia of reliability. Accordingly, the Court denied Elizondo's objections to the adequacy of the documentation during his sentencing hearing.

**SIGNED** this ___9___ day of May, 2012.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[6] Notably, Elizondo has not alleged that the documents are forged, altered, or that the information contained in the documents is inaccurate, nor has he denied that the convictions are properly attributable to him—he merely challenges the adequacy of the documentation. Obj. 1-2. "'As a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable.'" *United States v. Floyd*, 343 F.3d 363, 372 (5th Cir. 2003) (quoting *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002)).